**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1976
_____

ABRAHAM ITUAH,
               Appellant

v.

STEVEN A. WAKEFIELD, Esquire; JAMES J. ZWOLAK, Esquire; MARCO A.
MUNIZ, Esquire; KIANDRA BLAIR, Esquire; ADRIANA K. GONZALEZ, Esquire;
KATHLEEN MCCOLGAN, REVENUE COMMISSIONER; MIKE RILEY,
STATEWIDE ABSTRACT GROUP, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-01848)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed September 26, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Abraham Ituah appeals *pro se* from the denial of his motion for preliminary injunction. We will affirm.

Ituah, a New Jersey resident, initiated this matter in April 2025 by filing a form complaint in the United States District Court for the Eastern District of Pennsylvania against the Revenue Commissioner of the City of Philadelphia and several lawyers employed by the City. He alleges that defendants violated the False Claims Act, 31 U.S.C. § 3729, and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, by obtaining default judgments against him in connection with various properties he held in Philadelphia, some of which were sold over the last decade to cover his tax debts. See ECF Doc. 2 at 3-4. Along with his complaint, Ituah filed a motion for preliminary injunction "to prevent further whistleblower retaliation, false claims, and RICO violations." See ECF Doc. 3 at 4. The District Court denied Ituah's "vaguely worded" motion in a brief order because he failed to show likelihood of success on the merits or to demonstrate the necessity of an injunction "to prevent some harm that cannot later be redressed by a final remedy after trial." See ECF Doc. 11 at 1 n.1. Ituah appeals.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). We "[r]eview the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the

consideration of proof." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2014) (internal quotations omitted).

The purpose of a preliminary injunction is to maintain the status quo until a court is able to determine the parties' rights. See Del. State Sportsman's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec., 108 F.4th 194, 200 (3d Cir. 2024). A preliminary injunction is extraordinary relief. To obtain one, Ituah must show likelihood of success on the merits, a probability that he will suffer irreparable harm without injunctive relief, and that the balance of equities and the public interest favor him. See Winter v. NRDC, 555 U.S. 7, 33 (2008). The first two factors are critical and must be satisfied before a court can proceed to balancing all four factors. See Del. State Sportsman's Ass'n, Inc., 108 F.4th at 202 (citations omitted).

The District Court denied Ituah's motion because he failed to satisfy the first two factors. We see no error. Ituah asserts that appellees retaliated against him because he was a whistleblower. The False Claims Act prohibits employers from discriminating against employees who engage in "protected conduct" in furtherance of the Act—*i.e.*, rooting out fraud against the United States. See Hutchins v. Wilentz, Goldman & Spitzer, 253 F.3d 176, 185-86 (3d Cir. 2001) (citations omitted). Ituah does not allege that appellees employed him or that any of his claims involve the interests of the federal government. If he engaged in any "protected conduct" under Act, those activities are not apparent from his pleadings or motion either. With respect to his civil RICO claims,

Ituah has not sufficiently pled that appellees engaged in any "racketeering activity," let alone a "pattern" of such activity. See Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 481-83 (1985) (discussing elements of RICO statute). Those pleading deficiencies alone are fatal to his request for preliminary injunctive relief.

What is more, Ituah baldly contends that he will suffer irreparable harm absent an injunction because several of his properties "[a]lready . . . are gone" and certain appellees are "capable of enforcing desperate move [*sic*] to claim my remaining properties before the matter is decided." See ECF Doc. 3 at 5. The prospective injuries Ituah envisions are "too speculative" to warrant injunctive relief, see Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 699-700 (3d Cir. 1996), and the past harms he identifies are quintessentially economic in nature and could be remedied, if adequately proven, via money damages, see Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801-02 (3d Cir. 1989). As both gateway factors weigh against Ituah, he has failed to meet his burden to obtain a preliminary injunction.

Accordingly, we will affirm the District Court's denial of injunctive relief.